UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PEGGY L. JANIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-04238-SLD-JEH |
| | ) |
| GOODWILL OF CENTRAL ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

### MERIT REVIEW ORDER

*Pro se* Plaintiff Peggy L. Janik filed an amended complaint against Defendant Goodwill of Central Illinois ("Goodwill"), alleging that Goodwill discriminated against her on the basis of disability. *See* Am. Compl. 1–3, ECF No. 6.[1] The matter comes before the Court for merit review under 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND[2]

Plaintiff was hired by Goodwill to work at its Kewanee, Illinois location in June 2014. She was terminated on July 30, 2021. Plaintiff has a disability—her eyesight is impaired. Goodwill knew that she was disabled when she was hired.

During Plaintiff's interviews with Goodwill in June 2014, Plaintiff, the store manager, and the district manager discussed reasonable accommodations. Plaintiff informed them that "if they kept the ink in the price gun dark or replaced [the] ink," she could read the price tags and

---

[1] Because the amended complaint is not consistently paginated, the Court uses the CM/ECF generated page numbers.
[2] The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining if a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Thus, the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court must liberally construe *pro se* complaints. *Id.* Accordingly, the facts set forth in this section are taken from the amended complaint, liberally construed, and viewed in the light most favorable to Plaintiff.

1

that if "they kept the tags on the clothing legible," she could read them.  Am. Compl. 6.  Goodwill and Plaintiff came to a verbal agreement that Goodwill would provide these accommodations.  The Department of Rehabilitation Services ("DORS"), which Plaintiff was working with to obtain a job, provided Plaintiff with a magnifier to help her complete her job duties as well.  Plaintiff's DORS counselor came to Goodwill to see how the magnifier was working and reminded the store manager to keep providing the price tag accommodations.  Plaintiff requested several times that the ink be replaced so she could read the price tags and that the clothing tags be kept legible, but the store manager did not honor these requests.

In 2017, Goodwill began the official process for obtaining reasonable accommodations.  The store manager "gave [her] some forms to fill out." *Id.* at 7.  Plaintiff thought she did not need the forms, but the store manager had her confer with the human resources department ("HR").  HR wanted her to fill out the forms.  Later, an HR representative came to the store as part of the reasonable accommodation process, and Plaintiff gave her a transportation letter.  Goodwill would not honor Plaintiff's request to allow her to go to her doctor in Chicago during the process.

Plaintiff's accommodations were finalized in January 2018, and Plaintiff received a letter finalizing the accommodations Goodwill was agreeing to.  *See* Jan. 29, 2018 Letter, ECF No. 6-7 at 1–3.[3]  Goodwill indicated that the store manager and supervisor on duty would ensure the price tag gun ink remained filled, *id.* at 2, and not schedule Plaintiff after 2:00 PM on Saturdays "as needed," *id.* at 3.  But by April 2018, "Goodwill was not keeping [its] written agreement."

---

[3] The Court believes this is the letter to which Plaintiff is referring in her amended complaint.  *See* Am. Compl. 7 ("Goodwill sent me a register letter in January 2018 of the reasonable accommodations that they were agreeing to do.  This was a 3 paged letter.").  The letter states that Plaintiff did not need accommodations to perform the essential functions of the job and indicates that Goodwill was agreeing only to job modifications.  *See* Jan. 29, 2018 Letter 1.  But Goodwill's conclusions regarding whether Plaintiff required accommodations are not binding on the Court.

2

Am. Compl. 7.  Managers and supervisors were not ensuring the price tag ink remained dark or that the clothing tags were legible, and Plaintiff was being scheduled for after 5:00 PM on Saturday nights.

Plaintiff first contacted the Equal Employment Opportunity Commission in April 2018 to complain that she was receiving fewer hours than similarly situated employees and that Goodwill was not providing her reasonable accommodations.  She "decided to wait a while but still [her] employer Goodwill . . . did not improve."  *Id.* at 8.

In August 2018, Plaintiff developed a second health issue: cancer of an organ which makes her have to use the bathroom.  She told her store manager about her condition.  About a week after telling her store manager of the issue, she had to have a meeting with one of her supervisors and the store manager "about [her] going to the bathroom . . . . [b]ecause the supervisor complained to the store manager that [she] was going to the bathroom a lot."  *Id.*  Plaintiff alleges the meeting was not necessary and that the store manager could have said to the supervisor that Plaintiff needed to use the bathroom more often because of a medical issue, but instead, Plaintiff was required to disclose medical information to her supervisor.  Plaintiff was "annoy[ed] . . . that this happened."  *Id.*

In September 2018, Plaintiff requested a meeting with the store manager, an HR representative, and her DORS counselor to address her accommodations and the bathroom issue.  "The store manager said [she] should go to the bathroom during [her] break," and the HR representative agreed.  *Id.*  Plaintiff alleges that "[i]f the employer is instructing an employee to go to the bathroom during [his or her] break then that should be written in the employee handbook."  *Id.*[4]

---

[4] Plaintiff includes many other allegations and claims of wrongdoing by parties she is not suing.  For example, she alleges that an agency called Abilities Plus violated her privacy by sending a referral letter with medical information

In July 2021, Plaintiff was terminated because she refused to sign her performance review. The performance review stated that a signature indicated that the signer read the review and discussed it with her reviewer. Plaintiff requested to read the review and have a copy, but Goodwill would not make a large print copy for her or "give [her] a copy so [she] could read it with [her] magnifier while having the review." *Id.* at 12.

Plaintiff filed her original complaint against Goodwill on November 16, 2020, asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213. Compl. 2, ECF No. 1. The Court found that Plaintiff stated a claim for failure to provide reasonable accommodations but failed to state a harassment claim. Sept. 7, 2021 Order 4–5, ECF No. 5. The Court granted Plaintiff leave to file an amended complaint to "identify the facts that form the basis of [her] harassment claim." *Id.* at 5–6. The amended complaint followed. In the amended complaint, Plaintiff again asserts that Goodwill intentionally discriminated against her by failing to stop harassment and by failing to reasonably accommodate her disabilities, Am. Compl. 2–3, and provides additional factual allegations to support those claims, *id.* at 6–12.[5]

## ANALYSIS

### I. Legal Standard

A court must dismiss a complaint brought by an individual proceeding in forma pauperis if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (noting that the

---

on it to Goodwill. *See, e.g.*, Am. Compl. 11. (Plaintiff calls it Ability Plus, *see, e.g.*, *id.*, but it appears this is a typographical error, *see Welcome to Abilities Plus*, Abilities Plus, http://www.abilitiesplus.org/ (last visited Nov. 1, 2021)).

[5] The Court does not read Plaintiff's amended complaint to allege that she was terminated because of her disability. The form complaint Plaintiff used instructs plaintiffs to check the boxes for the types of intentional discrimination that apply. *See* Am. Compl. 3. The box for "by terminating the plaintiff's employment" is not checked. *Id.* Indeed, it appears as though it was checked but then covered up with white-out. *See id.* If the Court is mistaken, Plaintiff should clearly allege that she was terminated because of her disability in an amended complaint.

Seventh Circuit has "read 'case' in section 1915(e)(2)(B)(ii) to mean 'complaint'"). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining if a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Thus, the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court liberally construes *pro se* complaints, *id.*, but conclusory statements and labels are insufficient, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must "state a claim to relief that is plausible on its face." *Id.* at 570.

## II. Discussion

The ADA prohibits discrimination on the basis of disability in employment. *See* 42 U.S.C. §§ 12111–17. Discrimination under the ADA includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." *Id.* § 12112(b)(5)(A). The ADA also prohibits disability-based harassment. *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 851 (7th Cir. 2019).

"[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [a protected characteristic]." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (quotation marks omitted).[6] "[T]he type of discrimination the plaintiff th[inks] occurred, by whom, . . . and when [i]s all [the plaintiff] need[s] to put in her complaint." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*,

---

[6] The Court cites to cases involving Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, because Title VII and the ADA are similar. *See Miranda v. Wis. Power & Light Co.*, 91 F.3d 1011, 1017 (7th Cir. 1996) ("[I]n analyzing claims under the ADA, it is appropriate to borrow from our approach to the respective analog under Title VII.").

804 F.3d 826, 833 (7th Cir. 2015) (third and fifth alterations in original) (quotation marks omitted).

Plaintiff's reasonable accommodation claim again meets this standard. She alleges that she requested various accommodations for her visual impairment, primarily darker ink in the price tags and legible clothing tags and to not be scheduled for certain hours because she takes public transportation. She alleges that Goodwill agreed to provide such accommodations but then failed to follow through. She provides additional details regarding when and how Goodwill agreed to provide accommodations, but the Court need not address those details to find that she states a claim that Goodwill failed to reasonably accommodate her disability.

The Court finds, however, that Plaintiff still fails to state a harassment claim. *Cf. id.* at 833–34 (explaining that to state a harassment claim under employment discrimination laws, the plaintiff must allege that the harassment was based on a protected characteristic and was "sufficiently severe or [pervasive] to alter the conditions of employment"). Plaintiff has now identified one incident she claims was harassment: the meeting with her supervisor and store manager regarding her bathroom use. The Court infers that Plaintiff is claiming this harassment was either based on her visual impairment or her cancer, which could be a qualifying disability. *See* 29 C.F.R. § 1630.2(j)(3)(iii). But she does not plausibly allege conduct which could be considered "sufficiently severe or [pervasive] to alter the conditions of employment such that it creates an *abusive* relationship." *Huri*, 804 F.3d at 834. Harassment is not actionable unless it is "severe or pervasive from both a subjective and an objective point of view." *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 625 (7th Cir. 2018). "To be severe or pervasive enough to create a hostile work environment, conduct must be extreme." *Id.* (quotation marks omitted). Whether conduct is severe or pervasive "depends on all the circumstances, including the

6

frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quotation marks omitted).

Though Plaintiff vaguely asserts that there have been many instances of harassing conduct, *see* Am. Compl. 8, she specifically identifies only one. Viewing the amended complaint in the light most favorable to Plaintiff, she alleges that her supervisor scrutinized her bathroom habits and that she had to have a meeting with the supervisor and store manager—at which her bathroom habits were discussed—which she believed was unnecessary, and they later told her to use the bathroom on her break. These allegations do not plausibly constitute severe or pervasive behavior. The conduct all took place within a month. Plaintiff does not allege that the supervisor or store manager made any comments which demeaned, humiliated, or ostracized her. *See Costco*, 903 F.3d at 626. She merely alleges that she believed the meeting was unnecessary and that she found it annoying that she was questioned about her use of the bathroom. These allegations do not suggest that she even found the conduct subjectively abusive.

Plaintiff's complaint is therefore dismissed in part for failure to state a claim. Plaintiff's reasonable accommodation claim survives, but her harassment claim is dismissed. However, the Court will give Plaintiff leave to amend her complaint, if desired, within fourteen days to cure the deficiencies with the harassment claim. She may provide additional factual allegations of harassment but need not provide any additional detail regarding her accommodation claim.

## CONCLUSION

Accordingly, Plaintiff Peggy L. Janik's amended complaint, ECF No. 6, is DISMISSED IN PART. Her harassment claim is dismissed. Plaintiff is given leave to file an amended complaint within fourteen days, if desired, to replead her harassment claim and any

discriminatory termination claim.  If no amended complaint is filed, the Court will attempt service on Defendant Goodwill of Central Illinois on the remaining claim in the amended complaint.

Entered this 1st day of November, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
